UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONTE LAMONT LOFTON, | Case No.: 2:07-cv-00341-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#24; |
| | Motion to Dismiss–#30/31; |
| CHRISTINE M. BROWN, DANIEL BOGDEN, | Motion for Summary Judgment–#37; |
| OFFICER T. WILLIAMS, OFFICER | Motion for Order to Show Cause–#45; |
| SERGEANT CARTER, JOHN DOE #1, JOHN | Motion for Leave to Supplement–#46) |
| DOE #2, | |
| Defendants. | |

Before the Court are Defendants Christina M. Brown and Daniel G. Bogden's **Motion to Dismiss** (#24), filed October 3, 2008; Defendants Sergeant Carter and Officer T. Williams's **Motion to Dismiss** (#30/31), filed October 23, 2008; Plaintiff Donte Lamont Lofton's **Motion for Summary Judgment** (#37), filed November 10, 2008; Plaintiff's **Motion for Order to Show Cause** (#45), filed January 12, 2009; and Defendants Brown and Bogden's **Motion for Leave to Supplement** (#46), filed January 28, 2009.  The Court also considers the parties' Oppositions (##33, 36, 39, 44) and Replies (##38, 43).

//

1

# BACKGROUND

On March 24, 2005, Plaintiff Donte Lamont Lofton, a convicted felon on supervised release for armed robbery, was arrested and detained by North Las Vegas police. A search of his residence yielded a loaded nine-millimeter handgun, twenty-five rounds of ammunition, a bag of marijuana, and a bag of cocaine. A warrant issued and Lofton was taken into federal custody for violation of his supervised release. His arrest also led to a separate federal indictment against him for being a felon in possession of a firearm. At Lofton's initial appearance in the felon-in-possession case, the Government did not seek detention because Lofton was in custody for violating his supervised release. In the supervised release case, however, Lofton had not had an initial appearance or detention hearing. Lofton's privately retained defense counsel in both matters, Donald Green, moved several times to continue Lofton's revocation hearing and felon-in-possession trial, each time acknowledging Lofton's in-custody status. Ultimately, Lofton asked the Court to remove Green as his counsel and a federal defender was appointed. At Lofton's insistence, the federal defender eventually moved the Court to consider the issue of detention. Finally, on January 19, 2006—nearly nine months after his arrest—the Court held a detention hearing in the supervised release case. Lofton was ordered detained.

In this § 1983 and *Bivens* case, Lofton seeks monetary damages for being held in custody without a detention hearing. Lofton alleges former United States Attorney Daniel Bogden, Assistant United States Attorney Christina Brown, two North Las Vegas Detention Center corrections officers T. Williams and Sergeant Carter, and two unnamed United States marshals conspired to violate and actually violated his rights under the Fifth, Eighth, and Fourteenth Amendments. Lofton sues Bogden and Brown in their individual and official capacities. He sues Williams, Carter, and the two unknown United States marshals only in their official capacities. In his original complaint, Lofton also named his former counsel Donald Green and the United States Marshal's Office as defendants. They were dropped, however, in his Amended Complaint.

In the current Motions to Dismiss (##24, 30/31), Defendants argue Lofton's Amended Complaint must be dismissed because: (1) Bogden and Brown have absolute prosecutorial immunity and qualified immunity in their personal capacities; (2) sovereign immunity bars his claims against Bogden and Brown in their official capacities; (3) Lofton fails to allege any City of North Las Vegas policy that led to the violation of his rights by which Williams and Carter could be liable in their official capacities; and (4) Lofton's Amended Complaint fails to state a claim upon which relief can be granted. For the reasons discussed in this Order, Defendants' Motions are granted.

In response to Defendants' Motions to Dismiss, Lofton filed his own Motion for Summary Judgment and a Motion for Order to Show Cause. Both Motions lack merit and are summarily denied.

**DISCUSSION**

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In evaluating Defendants' Motions, the Court assumes the factual allegations in Lofton's Complaint are true and construes them in the light most favorable to him. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). The Court also recognizes it must liberally construe Lofton's pleadings and hold them to less stringent standards than formal pleadings drafted by lawyers because he is a pro se litigant. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

In their Motions, Defendants submit court records from Lofton's two criminal cases that are not part of the Complaint. The Court considers this evidence. Generally if the Court considers evidence outside the pleadings, it must convert a motion to dismiss into one for summary judgment. Fed. R. Civ. P. 12(d). Here, however, the outside evidence is not subject to reasonable dispute because it is a matter of public record, so the Court need not convert the Motions into ones for summary judgment. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

AO 72
(Rev. 8/82)

## I. Lofton's Allegations

Lofton alleges Defendants violated his rights under the Fifth, Eighth, and Fourteenth Amendments. Lofton's most significant grievance is that he was held without a detention hearing in the supervised release case for nearly nine months. In his Amended Complaint, Lofton alleges he was taken to the booking area of the North Las Vegas Detention Center to be released. While there, Officer Williams called John Doe #1 in the United States Marshall's Office. John Doe #1, after talking to John Doe #2, purportedly told Officer Williams to place Lofton on a courtesy hold pursuant to the request of Assistant United States Attorney Brown. According to Lofton, both United States Attorney Bogden and Officer Carter were aware he was being held, but permitted it to happen. Lofton also claims his constitutional rights were violated because: (1) Brown pursued a conviction against him "based on [his] prior background rather than legal standards" (Am. Compl. 4); (2) Bogden failed to adequately train Brown in the Federal Rules of Criminal Procedure and the United States Constitution, which resulted in him being detained without an order; and (3) Bogden failed to bring charges against the other Defendants for violation of Lofton's rights.

## II. Analysis

Lofton brings his constitutional claims against Carter and Williams as state actors pursuant to 42 U.S.C. § 1983 and against Brown, Bogden, John Doe #1, and John Doe #2 as federal officials pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Lofton asserts claims against Brown and Bogden in their individual and official capacities and against John Doe #1, John Doe #2, Carter, and Williams in their official capacities only.

### A. Claims Against Defendants in their Official Capacities

#### 1. *Bivens* Claims Against Federal Defendants

Lofton's constitutional claims against Brown, Bogden, John Doe #1, and John Doe #2 in their official capacities fail as a matter of law because a *Bivens* action can only be maintained

against a defendant in his individual capacity.[1]  *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987); *see also FDIC v. Meyer*, 510 U.S. 471, 486 (1994).

### 2.     § 1983 Claims Against NLVDC Officers

Lofton's § 1983 claims against North Las Vegas Detention Center Officers Carter and Williams in their official capacities are really claims against the City of North Las Vegas and therefore contemplate municipal liability.  To establish municipal liability under § 1983, Lofton must show (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to a deliberate indifference to his constitutional right; and (4) the policy was the moving force behind the constitutional violation.  *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001).  Under this standard, Lofton's Complaint fails to state a claim against Officers Carter and Williams in their official capacities because it does not allege the existence of any municipal policy that was the moving force behind any violation of his constitutional rights.

### B.     Claims Against Defendants in their Individual Capacities

Lofton's Amended Complaint also asserts claims against Bogden and Brown in their individual capacities.  As federal prosecutors, Bogden and Brown are absolutely immune from liability for their conduct insofar as it is intimately associated with the judicial phase of the criminal process.  *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005) (quotations omitted).  They are entitled to qualified immunity for their non-judicial functions.  The Court examines each of Lofton's allegations against Brown and Bogden in turn.

### 1.     Conspiring to Detain Him Without a Court Order

Lofton claims he was detained on a courtesy hold at the direction of Brown, even though there was no court order requiring detention.  He also alleges Bogden was aware of his

---

[1] "Doe" pleading is generally improper in federal court because there is no provision in the Federal Rules that permits use of fictitious defendants.  *See Graziose v. Am. Home Prods. Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001).  However, as Plaintiff's claims are legally deficient against John Doe #1 and John Doe #2, the Court simply dismisses the claims against them.

5

detention, but did nothing about it. However, Lofton misunderstands what transpired in his case. According to his Amended Complaint, Lofton seems to believe that because the Government did not seek detention in the felon-in-possession case, he was entitled to be released. This is incorrect. Lofton was held in custody for violating the conditions of his supervised release. In order to be released, he bore the burden of showing at his initial appearance that he would not flee and that he did not pose a danger to any other person or to the community. Fed. R. Crim. P. 32.1(a)(6). Nevertheless, Lofton was held without an initial appearance for approximately nine months. Lofton's claim, therefore, is really for violation of his Fifth Amendment right to due process in receiving a timely initial appearance and detention hearing. That right is codified by Federal Rule of Criminal Procedure 32.1(a)(1), which requires that "[a] person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge." In order to prove his right to a timely initial appearance was violated, however, Lofton must show both unnecessary delay and prejudice. *See United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008).

        An examination of the public court records shows that Lofton was not prejudiced by the nine-month delay and therefore his due process claim fails. First, Lofton's supervised release was eventually revoked and he was ordered incarcerated for 24 months. He was also sentenced to 57 months incarceration in the felon-in-possession case. He received full credit for all the time he served, including the nine-month period before his detention hearing. Because he was not incarcerated any longer than he would have been, he suffered no prejudice from his nine-month detention. Second, when he did finally receive his detention hearing in January 2006, the magistrate judge ordered him detained. There is no indication that the magistrate judge would have made a different determination nine months earlier. Consequently, Lofton has suffered no prejudice and his due process claim fails. Hence, the Court need not and does not address whether Lofton's nine-month detention without a hearing is an unnecessary delay.

//

### 2. Pursuing a Conviction Based on His Background

Lofton also claims Brown pursued a conviction against him "based on [his] prior background rather than legal standards," (Am. Compl. 4), in violation of his constitutional rights. It is well settled, however, that a prosecutor is absolutely immune for initiating a prosecution and presenting the Government's case. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Brown is absolutely immune from suit for this claim.

### 3. Failure to Train

Lofton additionally asserts a claim against Bogden for failing to adequately train Brown in the Federal Rules of Criminal Procedure and the United States Constitution. This claim also fails. Brown's knowledge of the Federal Rules of Criminal Procedure and the United States Constitution is intimately associated with the judicial phase of the criminal process, and as such, she is entitled to absolute immunity on that issue. *See Botello*, 413 F.3d at 975. Further, as Brown's supervisor, Bogden also enjoys absolute immunity for supervising and training her on that same issue. *See Van de Kamp v. Goldstein*, 129 S. Ct. 855, 864 (Jan. 26, 2009).

### 4. Failure to Bring Charges Against Defendants

Lastly, Lofton brings a claim against Bogden for not filing charges against the other Defendants for violating Lofton's constitutional rights. Bogden is immune from suit against this charge because "it is well established that a prosecutor has absolute immunity for the decision to prosecute a particular case . . . and for the decision *not to prosecute* a particular case or group of cases." *Botello*, 413 F.3d at 976 (emphasis in original).

//
//
//
//
//
//

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Brown and Bogden's Motion to Dismiss (#24) and Defendants Carter and Williams's Motion to Dismiss (#30/31) are GRANTED.

IT IS FURTHER ORDERED that Plaintiff Lofton's Motion for Summary Judgment (#37) and Motion for Order to Show Cause (#45) are DENIED.

IT IS FURTHER ORDERED that Defendants Brown and Bogden's Motion for Leave to Supplement (#46) is GRANTED.

Dated: February 23, 2009.

_____
**ROGER L. HUNT**
**Chief United States District Judge**